## Case No. 4,484.

ENEAS v. SCHIFFER et al.

[N. Y. Times. April 19, 1865.]

District Court, S. D. New York. April 19, 1865.

Before BETTS, District Judge.

## Case No. 4,485.

### The ENERGY.

· [10 Ben. 158.][1]

District Court, S. D. New York. Nov., 1878.

HELD BY THE COURT: That as there was no blockade of Matamoras, the agreement indorsed on the charter gave no authority to go to another port. That no other change of voyage could be enforced without full assent of both parties thereto, as it would be to place the cargo and adventure of the freighter subject to hazards outside of those expressly specified in the contract of affreightment. That the libelant is not entitled to recover the charter money, because he did not complete the voyage according to the terms of the articles of shipment.

But it appears that the respondents, after they had notice of the alteration of the voyage at Matamoras, and the destination of the vessel to New York, by way of New Orleans, and her reception and entry at New Orleans, through the assent and intermission of persons assuming to act in behalf of the respondents without any disavowal by the respondents of their acts or authority in countenancing the change of the voyage of the vessel, they must be held in equity to have acquiesced in that change.

It is tantamount to a consent by the shippers that, because of the unfavorable state of the market, the ship may be excused from unlading the outward cargo, and may be permitted to retransport it to its home port of New Orleans, receiving the stipulated compensation of $6,000 for the round voyage, but losing the premium on the $3,000 specie payable on delivery of the outward cargo, because he failed to discharge it as provided in the charter. Decree for the libelant for $6,200.15, with costs.